IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN "JACK" SAVILLE, a minor, by MARY SAVILLE and DAVID SAVILLE, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 12-cv-28-JPG-SCW |
| v. | )<br>) |
| PFIZER, INC., | )<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the plaintiffs' motion to remand this case to state court for lack of subject matter jurisdiction (Doc. 10). Defendant Pfizer, Inc. has responded to the motion (Doc. 17). The Court also considers Pfizer's motion to sever (Doc. 18). The plaintiffs have responded (Doc. 21), and Pfizer has replied to that response (Doc. 24).

This case arose when the legal representatives of a number of individual minors sued the defendants to recover damages for birth defects the minors allegedly suffered after being exposed *in utero* to the pharmaceutical drug Zoloft, which is alleged to have been manufactured and distributed by Pfizer. It appears on the face of the pleadings that federal diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist because plaintiff Erica Woodley, legal representative of minor Christian Todd, and Pfizer are both citizens of the state of New York. Because diversity jurisdiction requires that no opposing parties be citizens of the same state, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), it appears the complete diversity requirement is not met.

In its notice of removal and its response to the motion to remand, Pfizer asks the Court to disregard Woodley's New York citizenship because she is "fraudulently misjoined" as a plaintiff

under a theory espoused by the Eleventh Circuit Court of Appeals in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996).  Pfizer believes that the plaintiffs' selection of a New York plaintiff is a deliberate attempt to deprive it of the federal forum to which it is entitled.  It believes the proper course of action is to sever the plaintiffs' claims into five separate actions, remand Woodley's case, and retain jurisdiction over the other four cases.

A plaintiff cannot destroy diversity jurisdiction by joining a nondiverse party if the joinder is fraudulent.  *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).  The Court must ignore the citizenship of fraudulently joined parties when determining if it has diversity jurisdiction.  *Id.*; *see Bodine's, Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 48-49 (N.D. Ill. 1984).  Fraudulent joinder can occur in two circumstances:  (1) when there is no possibility that a plaintiff can state a cause of action against a nondiverse defendant or (2) where there has been outright fraud in the plaintiff's pleading of jurisdictional facts.  *Gottlieb*, 990 F.2d at 327.  The doctrine of fraudulent misjoinder or procedural misjoinder adds a third possibility:  the court may ignore viable, non-fraudulent claims if they have been egregiously misjoined with other claims in the lawsuit and dispose of them separately such as, for example, by remanding them to state court.  *See Tapscott*, 77 F.3d at 1360.  The party invoking the Court's jurisdiction bears a heavy burden of persuasion to demonstrate fraudulent joinder.  15 James W. Moore *et al.*, *Moore's Federal Practice* § 102.21[5][a] (3d ed. 2002).  Pfizer believes the New York plaintiff's claim is egregiously and fraudulently misjoined.

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has addressed the fraudulent misjoinder doctrine.  *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006), provides persuasive reasoning why the Court should not adopt the fraudulent misjoinder doctrine without guidance from a higher authority.  In that case, the court

noted that whether state law claims are properly joined in a case originating in state court is a matter for the state court to decide and does not implicate the subject matter jurisdiction of a federal court. *Id.* at 851.  The court further noted that removal is a creature of statute that sets a balance between federal and state courts and must therefore be construed narrowly and only expanded by Congress, not the courts. *Id.* at 852.  Finally, the court noted the Seventh Circuit Court of Appeals' preference for jurisdictional rules that are simple and easy to apply, yield consistent results and avoid wasting resources by erroneous threshold jurisdictional decisions. *Id.*  The court observed that the fraudulent misjoinder doctrine has engendered confusion by courts' divergent views of what level of misjoinder justifies invoking the doctrine. *Id.* at 852-54 (listing cases).  The doctrine has not yielded consistent, predictable results and is unlikely to do so in light of the discretionary nature of courts' joinder decisions. *Id.* at 854-55.  Therefore, the *Rutherford* court declined to recognize the fraudulent misjoinder doctrine absent an indication from Congress, the Supreme Court or the Court of Appeals for the Seventh Circuit that it should do so. *Id.* at 855.  Since *Rutherford*, none of these bodies has addressed the issue, and courts in this district have generally refused to apply the doctrine.  *See, e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 779 F. Supp. 2d 846, 856-57 (S.D. Ill. 2011); *Davidson v. Bristol-Myers Squibb Co.*, No. 10-cv-970-MJR, slip op. at 8 (S.D. Ill. Sept. 30, 2011); *Aranda v. Walgreen Co.*, No. 11-cv-654-JPG-DGW, 2011 WL 3793648, at *2 (S.D. Ill. Aug. 24, 2011); *Anderson v. Bayer Corp.*, No. 09-cv-988-GPM, 2010 WL 148633, *5 (S.D. Ill. Jan. 13, 2010).

While it shares the frustration at the plaintiffs' forum-selection gamesmanship expressed by Chief Judge Herndon in *In re Yasmin & Yaz*, this Court agrees with the reasoning of *Rutherford* and declines to apply the fraudulent misjoinder doctrine.  This conclusion leaves a

3

New York plaintiff and a New York defendant in this case and requires the Court to remand this case to state court for lack of subject matter jurisdiction.  Because the Court does not have subject matter jurisdiction to hear this case, it has no jurisdiction to consider Pfizer's motion to sever.

The Court further declines to certify this case for immediate appeal under 28 U.S.C. § 1292(b), as requested by Pfizer.  Certification is only appropriate where the order sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  While the issue of fraudulent misjoinder certainly presents a question about which there is substantial ground for difference of opinion, appellate review of an order remanding an action to state court are not reviewable, even pursuant to 28 U.S.C. § 1292(b).  *See* 28 U.S.C. § 1447(d);  19 James Wm. Moore *et al.*, *Moore's Federal Practice* § 203.31[3] (3d ed. 2011).

For the foregoing reasons, the Court:

- **GRANTS** the plaintiffs' motion to remand for lack of subject matter jurisdiction (Doc. 10);

- **DISMISSES** Pfizer's motion to sever (Doc. 18); and

- **REMANDS** this matter for **lack of subject matter jurisdiction** to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**
**Dated:  March 21, 2012**

                                                    s/ J. Phil Gilbert
                                                    **District Judge**